```
COLLIN D. COOK (SBN 251606)
Email:  ccook@fisherphillips.com
VINCENT J. ADAMS (SBN 249696)
Email:  vadams@fisherphillips.com
FISHER & PHILLIPS, LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone:  (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendant
PLA-FIT FRANCHISE, LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY ADEBAYO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PLA-FIT FRANCHISE, LLC, DOES 1-20,<br><br>　　　　Defendant. | Case No:<br><br>**DEFENDANT'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>*[Removed from Alameda County Superior Court Action No. 22CV015551]*<br><br>State Action Filed: August 3, 2022<br>FAC Filed: November 15, 2022<br>Removal Date: January 18, 2023 |

**TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant PLA-FIT FRANCHISE, LLC, by and through its undersigned counsel, hereby submits this Notice and Petition for Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to remove the above-referenced action of Plaintiff SIDNEY ADEBAYO ("Plaintiff") from the Superior Court of the State of California in and for the County of Alameda to the United States District Court for the Northern District of California. This removal is based on the following grounds:

## I. PLAINTIFF'S COMPLAINT

1. On or about August 3, 2022, Plaintiff filed a Complaint ("Complaint") in the Superior Court of the State of California for the County of Alameda, thereby initiating the civil action entitled *Sidney Adebayo v. Planet Fitness Franchising, LLC, et al.*, Case Number 22CV015551.

2. Plaintiff's Complaint named two Defendants, PLANET FITNESS FRANCHISING, LLC and PLANET FITNESS. A true and correct copy of Plaintiff's August 3, 2022 Complaint is attached as **Exhibit A** to the Appendix, filed concurrently herewith. *See,* Declaration of Vincent J. Adams ("Adams Decl.", ¶ 3).

3. On or about November 15, 2022, Plaintiff filed a First Amended Complaint to name a single defendant, his employer, PLA-FIT FRANCHISE, LLC ("Defendant"). Plaintiff's First Amended Complaint renamed the civil action to *Sidney Adebayo v. Pla-Fit Franchise, LLC, et al.*, Case Number 22CV015551.

4. Plaintiff's First Amended Complaint removes all references to the previously named defendants PLANET FITNESS FRANCHISING, LLC and PLANET FITNESS, thereby dismissing those entities from the action. *See, Kuperman v. Great Republic Life Ins. Co.,* 195 Cal.App.3d 943, 947 (1987); *Fireman's Fund Ins. Co. v. Sparks Const., Inc.*, 114 Cal.App.4th 1135, 1142 (2004). Through the filing of the First Amended Complaint on November 15, 2022, Plaintiff and Defendant are now the only named parties in the action

5. Plaintiff's First Amended Complaint alleges six causes of action against Defendant: (1) Discrimination Because of Sex/Gender; (2) Discrimination Because of Race; (3) Discrimination Based on Skin Color; (4) Harassment Because of Sex/Gender; (5) Retaliation for Complaining about Discrimination; and (6) Retaliation for Complaining about Harassment. A true and correct copy of Plaintiff's First Amended Complaint is attached as **Exhibit B** to the Appendix, filed concurrently herewith. *See,* Adams Decl., ¶ 4.

6. On or about December 19, 2022, Defendant accepted service of Plaintiff's First Amended Complaint through the execution of a Notice and Acknowledgement of Receipt. A true and correct copy of the Notice of Acknowledgment of Receipt executed by counsel for Defendant to accept

///

service of the operative First Amended Complaint is attached as **Exhibit C** to the Appendix, filed concurrently herewith. *See,* Adams Decl., ¶ 5.

7. Defendant filed an Answer to Plaintiff's First Amended Complaint in the Superior Court of the State of California for the County of Alameda on January 13, 2023. A true and correct copy of Defendant's January 13, 2023 Answer to the First Amended Complaint is attached as **Exhibit D** to the Appendix, filed concurrently herewith. *See,* Adams Decl., ¶ 6. Defendant is informed and believes that the First Amended Complaint, and Answer (**Exhibits B and D**) constitute the operative pleadings and all process, pleadings, and orders known by Defendant to exist in this action.

## II.   VENUE

8. This action was filed in the Superior Court of California for the County of Alameda. Thus, venue properly lies in the United States District Court for the Northern District of California. *See,* 28 U.S.C. §§ 84(b), 1391, and 1441(a)

## III.   BASIS FOR REMOVAL JURISDICTION

9. As set forth below, complete diversity exists between Plaintiff, on the one hand, and Defendant, on the other. Further, no Defendant is a citizen of the state of California.

### A.   Plaintiff's Citizenship

10. To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983. Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is a prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile once acquired is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

11. Here, Plaintiff is a resident of and at all times relevant to the First Amended Complaint resided in the County of Alameda, State of California. *See*, **Exhibit B** ¶ 1. Accordingly, Plaintiff is domiciled in and a citizen of the State of California for purposes of determining diversity. 12 U.S.C. § 1332(a).

### B. Defendant's Citizenship

12. At the time this action was filed and at all times relevant to the First Amended Complaint, Defendant PLA-FIT FRANCHISE, LLC is and was a limited liability company organized in the state of New Hampshire with its principal place of business in Hampton, New Hampshire. *See,* Declaration of Alison Johnson ("Johnson Decl."), ¶ 3.

13. Defendant PLA-FIT FRANCHISE, LLC's headquarters, executive officers who direct, control, and coordinate all corporate activities, and sole member is located in New Hampshire. *Id* at ¶¶ 3-4 Accordingly Defendant is a citizen of New Hampshire.

### C. Doe Defendants' Citizenship

14. The First Amended Complaint also names as Defendants DOES 1-12 ("DOE Defendants"). Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of Defendants sued under fictitious names is disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

15. Because Plaintiff is a citizen of California and Defendant is a citizen of New Hampshire, complete diversity of citizenship exists in this matter.

### D. Amount in Controversy

16. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17. The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*,

135 S.Ct. 547, 554 (2014). The failure of the complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account Plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.,* 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining…to place a specific dollar claim upon its claim."). Defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

18.     In the instant case, Plaintiff's First Amended Complaint alleges causes of action for (1) Discrimination Because of Sex/Gender; (2) Discrimination Because of Race; (3) Discrimination Based on Skin Color; (4) Harassment Because of Sex/Gender; (5) Retaliation for Complaining about Discrimination; and (6) Retaliation for Complaining about Harassment. Plaintiff's First Amended Complaint seeks an unspecified amount of actual, consequential and incidental losses, reasonable attorneys' fees and costs, and punitive damages in an amount appropriate to punish Defendant. It is facially apparent that the allegations in the complaint demonstrate that the amount in controversy in this matter exceeds $75,000. *White v. FCI USA, Inc.* 319 F.3d 672, 274 (5th Cir. 2003) (Satisfaction of amount in controversy threshold was "facially apparent" from wrongful termination allegations showing "lengthy list of compensatory and punitive damages.")

19.     Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491

///

(9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

20. Further, a court must account for claims for not only compensatory damages but also punitive damages. *See, e.g.*, *Bell v. Preferred Life Ass'n Society*, 320 U.S. 238, 240 (1940) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). The ultimate inquiry is what amount is put in controversy by a plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

21. In the instant case, Plaintiff's Complaint seeks recovery of back and front pay, the value of employment benefits and other types of compensation, other special damages, medical damages, general damages for emotional distress, attorneys' fees, and punitive damages. *See,* First Amended Complaint ¶¶ 27, 28, 33, 34, 39, 40, 46, 47, 52, 57, 58 and Prayer for Relief (Pages 10:22-11:2), attached hereto as **Exhibit B**. Although Defendant denies Plaintiff's claims of wrongdoing and his unspecified requests for relief thereon, the facial allegations in the First Amended Complaint and total amount of estimated past and future lost income and benefits, special damages, and exemplary (punitive) damages at issue are well in excess of $75,000.

22. **<u>Compensatory Damages</u>**. While employed by Defendant, Plaintiff earned a final rate of pay of $14.36/hour. *See*, Johnson Decl., ¶ 6 & Ex. 1. Plaintiff was terminated on or about June 17, 2021. *See,* **Exhibit B** ¶ 21. His termination therefore occurred more than 18 months prior to the date of this Petition for Removal. Assuming Plaintiff worked full time (that is, 40 hours per week for a full 82 weeks, Plaintiff's lost wages, for the sake of argument, are therefore at least **$47,100.80** ($14.36 x 40 hours x 82 weeks). This amount does not include any possible recovery of front-pay for lost income incurred following judgment after trial.

23. **<u>General Damages, Including Emotional Distress</u>**. Plaintiff also seeks an unspecified amount of non-economic damages for "fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff." *See,*

**Exhibit B** ¶¶ 27, 33, 39, 46, 52, 57 and Prayer for Relief (Page 10:25-26). Accordingly, it is very likely that Plaintiff will seek a substantial sum for emotional distress damages. *Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial."). Recent verdicts in employment cases confirm that emotional distress awards may be substantial:

      (a)    *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal. Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs were awarded **$375,000** and **$225,000** for emotional distress damages).

      (b)    *Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal. Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case). *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

    24.    <u>*Attorneys' Fees*</u>. Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all of the FEHA causes of action. *See,* **Exhibit B** ¶¶ 28, 34, 40, 47, 52, 58 and Prayer for Relief (Page 11:1); Cal. Gov't Code § 12965(b). "When attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams*, 53 F.Supp.3d at 153. In the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). Even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy here could be lower than $75,000 when the [attorneys'] fees are factored in along with compensatory and punitive damages." *Parker-Williams*, 53 F.Supp.3d at 152. It is also

more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

25. **_Punitive Damages._** Plaintiff also seeks punitive damages. See, **Exhibit B** ¶¶ 28, 34, 40, 47, 52, 58 and Prayer for Relief (Page 10:27). Many punitive damages verdicts against businesses exceed $75,000.00. *See, Dunn v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Insurance Co.*, 897 F.Supp. 447, 451 (S.D. Cal. 1995). See also, *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount of $75,000).

26. Although Defendant adamantly denies that any award of damages, let alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, satisfies the $75,000 requirement.

27. Based on the nature of the allegations and damages sought in the First Amended Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000, exclusive of costs and interest. Accordingly, this State Court action may be removed to the United States District Court for the Northern District of California because, at the time this action was filed and the present time, diversity jurisdiction exists.

**IV.   TIMELINESS OF REMOVAL**

28. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt of defendant through service or otherwise …" The 30-day period for removal is triggered once service occurs. *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

29. Defendant was served with the Complaint as of the date of the Notice of Acknowledgment of Receipt executed by counsel for Defendant on December 19, 2022. This removal is accordingly timely.

**V.   NOTICE PROVIDED TO STATE COURT AND PLAINTIFF**

30. Written notice of this Notice of Removal to the United States District Court for the Northern District of California will be served on Plaintiff's counsel of record at Fletcher B. Brown

Law Firm. A true and correct copy of Defendant's Notice to Adverse Party of Removal of Civil Action to Federal District Court. is attached as **Exhibit E** to the Appendix (without exhibits because the exhibit is this Notice), filed concurrently herewith. *See,* Adams Decl., ¶ 7.

31. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Alameda. A true and correct copy of Defendant's Notice to the Court of Removal of Civil Action to Federal District Court is attached as **Exhibit F** to the Appendix (without exhibits because the exhibit is this Notice), filed concurrently herewith. *See,* Adams Decl., ¶ 8.

32. PLA-FIT FRANCHISE, LLC respectfully requests that the above-mentioned litigation, no pending before the Superior Court of California, County of Alameda, be removed to this Court based on diversity jurisdiction.

**WHEREFORE**, Defendant prays that this action be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated:  January 18, 2023

Respectfully submitted,

FISHER & PHILLIPS, LLP

By: ___*/s/ Vincent J. Adams*___
COLLIN D. COOK
VINCENT J. ADAMS
Attorneys for Defendant
PLA-FIT FRANCHISE, LLC